UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| COURTNEY HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | CASE NO. 3:23-CV-00466-DRL-MGG |
| v. | ) | |
| | ) | |
| CITY OF SOUTH BEND, | ) | |
| OFFICER ALEXANDER WILLIAMS, | ) | |
| OFFICERS RODOLFO ESPARZA, | ) | |
| OFFICER BRANDON SCHMIDT, | ) | |
| OFFICER ANDREW HINES, | ) | |
| OFFICER PAUL STRABARY, | ) | |
| OFFICER NEIL GRABER, | ) | |
| OFFICER RYAN RUSH, OFFICER | ) | |
| KYLE DRURY, OFFICER TAYLOR | ) | |
| TOBIAS AND OFFICER KYLE | ) | |
| DOMBROWSKI, | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S FIRST AMEDED COMPLAINT

Plaintiff, Courtney Holloway, in her First Amended Complaint, alleges against the Defendants as follow:

1. The Plaintiff is Courtney Holloway, who at all material times to this Complaint was a resident of South Bend, Indiana

2. Defendant City of South Bend ("City") is named in its representative capacity. At all material times to this Complaint, the City employed law enforcement personnel that while acting within the scope of their employment, subjected the Plaintiff to a false arrest in violation of the Plaintiff's rights under the laws and public policies of the State

–1–

of Indiana.   The City is liable for the state torts of its employees under the doctrine of *respondeat superior.*

3.  Also named as Defendants are City of South Bend Police Officer Defendant Alexander Williams, Rodolfo Esparza, Barndon Schmidt, Andrew Hines, Paul Strabary, Niel Graber, Ryan Rush, Kyle Drury, Taylor Tobias, and Kyle Dombrowski, and each of them, who are sued in their individual capacities Pursuant to 42 U.S.C. § 1983.   Each of these named officers Defendants were acting as persons under color of law in their individual capacities as law enforcement officers when they subjected the Plaintiff to a detention without probable cause in violation of Plaintiff's federally protected rights to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.   The individually named Defendants, and each of them are liable to the Plaintiff for their affirmative actions, or, in the alternative, they are liable to Plaintiff based upon bystanders' liability (failing to intervene when they had a meaningful opportunity to do so).

4.  The Plaintiff issued a Tort Claim Notice on April 7, 2022, a copy of which is attached hereto, incorporated herein, and made apart hereof as Exhibit "A".   All required administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

5.  On December 1, 2021, the Plaintiff was at her home in South Bend, Indiana when the Defendant Alexander Williams and the other named individual officers arrived at her home.   Plaintiff's boyfriend was visiting her at the time.

6.  The Defendants informed the Plaintiff that they had an arrest warrant which they were

attempting to execute against her boyfriend. The Plaintiff cooperated with the Defendants by exiting her home. Once she was outside of the home, the Defendants detained the Plaintiff on site, preventing her from leaving or re-entering her home. The Defendants had no probable cause to believe, however, that the Plaintiff had committed any offense.

7. The Plaintiff's boyfriend then exited the Plaintiff's home as well and allowed himself to be taken into custody by the Defendants.

8. After being seized without probable cause, and after her home was searched without probable cause, Plaintiff was eventually transported in handcuffs to the local police station. Eventually she was released with no criminal charges being brought against her.

9. The Plaintiff was detained outside of her home for between 2 to 3 hours, even after her boyfriend had been seized and detained by the Defendants. In addition, after she exited the home in cooperation with law enforcement, and following the boyfriend's exit, the Defendants refused to permit the Plaintiff to re-enter her own home until after an illegal search of the residence was completed, and after Plaintiff had been taken to the police station by Defendants.

10. The Plaintiff contends that she was unlawfully detained, and her freedom unlawfully curtailed by the individually named Defendants, and each of them, without probable cause to believe she had committed any crime, and in the absence of an applicable warrant for her detention or seizure, subjecting the Plaintiff to an unreasonable seizure in violation of her rights under the Fourth Amendment and § 1983. Plaintiff's home

was unlawfully searched as no protective sweep needed to be performed, because Plaintiff's boyfriend was already taken into custody and the officers had no probable cause to believe that any criminal activity was taking place inside Plaintiff's home making the resulting search of Plaintiff's home without probable cause and in violation of the Fourth Amendment.

11. The Plaintiff further contends that her seizure and detention by Defendant Williams and the other Defendant Officers named in paragraph 3 constituted a false arrest in violation of Indiana law. The City of South Bend, therefore, is vicariously liable to the Plaintiff for the state tort false arrest to which she was subjected by its employees, under *respondeat superior.*

12. The Plaintiff also contends that Defendant Williams and the other individual officer Defendant, stood by and watched as their fellow members of law enforcement subjected the Plaintiff to unlawful detention and unlawfully searched Plaintiff's home, in violation of her rights under the Fourth Amendment to the United States Constitution and § 1983, but they did nothing to stop or intervene on the Plaintiff's behalf to prevent the violation of her constitutional rights, despite having a meaningful opportunity against the rights violations, in spite of having a meaningful opportunity to do so. Defendant Williams and the other individual Officers Defendants are therefore liable to the Plaintiff under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 for bystander liability.

13. The Plaintiff further contends that the unlawful and unconstitutional conduct of the Defendants, and each of them, was the direct and proximate cause of the Plaintiff

–4–

suffering the wrongful loss of her freedom and liberty, as well as mental anguish, emotional distress, inconvenience, and other damages and injuries.

14. The complained of unlawful and unconstitutional conduct of the Defendants, and each of them, was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the Fourth Amendment and § 1983. Imposition of punitive damages is appropriate, where available.

WHEREFORE, Plaintiff respectfully request judgement against the Defendants, and each of them, for compensatory damages, punitive damages (where available), reasonable attorney's fees and cost, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Courtney Holloway, swear and affirm under the penalties for perjury that the above and

foregoing representations are true and correct based upon my personal knowledge.

_____

Courtney Holloway                                         Date